### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

**LAWRENCE ADAMCZYK,**

      **Plaintiff,**

**vs.**                               **Case No. 17−cv−0166−DRH**

**STEVE BALDWIN,**
**DR. HOLT, and**
**ILLINOIS DEPARTMENT OF**
**CORRECTIONS**

      **Defendants.**

### MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff Lawrence Adamczyk, a sexually dangerous person (SDP) in Big Muddy Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 based on his confinement as an SDP. Plaintiff requests declarative relief, immediate release and monetary damages. SDPs are subject to the Prison Litigation Reform Act, 28 U.S.C. § 1915 *et seq.*; *See Kalinwoski v. Bond*, 358 F.3d 978, 978-79 (7th Cir. 2004). Therefore, the Court will conduct a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

    (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

## The Complaint

Plaintiff was declared a sexually dangerous person in or about 2014 and committed to the custody of the Director of Corrections. (Doc. 7-1, p. 3). He alleges that to secure his commitment, he was charged with a made-up crime, and the charges were later dismissed. (Doc. 1-1, p. 1). He denies that he ever needed

treatment.  (Doc. 1, p. 6).    Plaintiff alleges that Baldwin, the Director of the Illinois Department of Corrections (IDOC), and Dr. Holt, the administrator of the SDP program at Big Muddy, violated his constitutional rights because they knew that his confinement without trial was improper but accepted custody over him anyway.  (Doc. 1, p. 5).    Plaintiff further alleges that despite the fact that he is a ward of the state confined for treatment, and not a convicted felon, he is treated as a prisoner and not given appropriate care or treatment to ensure his recovery. (Doc. 1, pp. 6-7).  Plaintiff also has inadequate clothing and inadequate access to the courts.  (Doc. 1-1, p. 6).  He is subject to inhumane conditions of confinement, including excessive heat and poor ventilation.  *Id.*  He is forced to come into contact with other state prisoners.  (Doc. 1, p. 9).

## Discussion

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into 4 counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The following claims survive threshold review:

> **Count 1 –** Baldwin and Holt violated plaintiff's right to receive treatment as an SDP;

> **Count 2 –** Baldwin and Holt violated plaintiff's liberty interest under the Fourteenth Amendment by subjecting him to a punitive environment.

Plaintiff has also attempted to bring other counts, but for the reasons elucidated below, these claims do not survive threshold review:

**Count 3 –** Big Muddy's SDP program does not comply with the Illinois Sexually Dangerous Persons Act, 725 ILCS 205/1.01 *et. seq.*;

**Count 4 –** Baldwin and Holt breached a duty to plaintiff when they accepted him as their ward, knowing that the SDP statutory scheme violated the Constitution.

As to plaintiff's **Count 1**, plaintiff is not an ordinary prisoner. The Seventh Circuit described the contours of the SDP program in *Allison v. Snyder*: "[p]ersons charged with sex offenses in Illinois may be diverted before trial to civil confinement, if a mental illness of at least one year's duration led to the criminal conduct. Those who complete treatment successfully are released and the criminal charges dismissed." 332 F.3d 1076, 1078 (7th Cir. 2003). Previously, this Court has recognized a claim for failure to treat SDPs, see *Howe v. Godinez*, No. 14-cv-844-SMY, 2014 WL 4947245 at *3-4 (S.D. Ill. 2014). The Court reasoned that "due process requires that the conditions and duration of confinement . . . bear some reasonable relation to the purpose for which persons are committed." *Id.* (citing *Seling v. Young*, 531 U.S. 250, 265 (2001)); *see also Allison*, 332 F.3d at 1079. Although plaintiff has alleged that his confinement is wrongful, and that he does not need treatment,[1] he has also inconsistently alleged that he is not receiving treatment. If he is not receiving any treatment, the purpose of his incarceration is not being met, and his due process rights may be violated. At this stage, the Court will permit this claim to proceed.

---

[1] Based on Plaintiff's representation that he did not need treatment, the Court did not construe the Complaint as having stated an Eighth Amendment claim for medical deliberate indifference.

In **Count 2**, plaintiff has alleged that he has been subjected to a punitive environment, like a convicted prisoner.  He is subjected to excessive heat and poor ventilation.  He is not given more than a standard clothing allowance, which he alleges is inadequate.  He also takes issue with the amount of state pay he receives, given the need to purchase clothing and other essentials at the commissary.  He comes into contact with convicted felons.  As a general rule, confinement of pretrial detainees may not be punitive because "under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).  Thus conditions of pretrial confinement must be "reasonably related to a legitimate government objective." *Id*. at 539; *Murphy v. Walker*, 51 F.3d 714, 717-18 (7th Cir. 1995); *Brownell v. Figel*, 950 F.2d 1285, 1289 (7th Cir. 1991).  The complaint suggests that the conditions fall short of this standard because they do not reasonably relate or serve a legitimate government purpose.  Accordingly, the Court cannot dismiss **Count 2** against Baldwin and Holt at this time.

But **Count 3** must be dismissed.  The United States Supreme Court and the Seventh Circuit have long held that "the Constitution does not compel states to follow their own laws. . . .Nor does it permit a federal court to enforce state law directly." *Allison*, 332 F.3d at 1078-79 (citing *DeShaney v. Winnebago Cnty. Dep't of Soc. Serv.*, 489 U.S. 189, 202 (1989)); *see also Snowden v. Hughes*, 321 U.S. 1, 11 (1944); *Archie v. Racine*, 847 F.2d 1211, 1215-18 (7th Cir. 1988) (en banc) *cert. denied* 489 U.S. 1065 (1989); *Pennhurst State Sch. & Hosp. v. Halderman*,

465 U.S. 89, 106 (1984); *Pasiewicz v. Lake Cnty Forest Preserve Dist.*, 270 F.3d 520, 526 (7th Cir. 2001).   Although *Ex Parte Young*, 209 U.S. 123 (1908) authorizes prospective relief against a state official to guarantee compliance with the Constitution, this method does not apply to state law claims.   *James v. Madigan*, 373 F. App'x 619, 621 (7th Cir. 2010).   Courts are not authorized to create new law at the request of a plaintiff; that is more properly the province of the state legislature.   Accordingly, **Count 3** will be dismissed with prejudice.

**Count 4** will be dismissed as well.   The Court cannot find any authority for the proposition that a breach of fiduciary duty claim arises under § 1983.   The basis for such a claim must therefore arise under Illinois state law, not federal law.   However, Federal Courts have discretionary jurisdiction over related state law claims.   28 U.S.C. § 1367.   In order to succeed on a claim of breach of fiduciary duty, a plaintiff must show that 1) a fiduciary duty existed between the parties, 2) the defendant breached that duty, 3) and that breach damaged the plaintiff. *Lawlor v. North American Corp. of Illinois,* 983 N.E.2d 414, 433 (Ill. 2013).   First, the court notes that that it is highly questionable whether plaintiff can claim that the establishment of a ward/guardian relationship also constitutes a breach of that relationship.   But more to the point, the Court cannot reach this argument because plaintiff's request for immediate release is not cognizable in this action, and any claim for damages stemming from his confinement and/or status as a ward would be barred by *Heck v. Humphrey*.

Plaintiff repeatedly requests release from Big Muddy in this action, but release is not one of the available remedies in a civil rights action.  A petition for a writ of habeas corpus is the proper action "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody-whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin,* 922 F.2d 379, 381 (7th Cir. 1991).  Additionally, a person committed under the Illinois Sexually Dangerous Persons Act, 725 Illinois Compiled Statutes 205/0.01 *et seq.,* may seek release from the state court where the person was committed.  Thus, a § 1983 claim brought in federal court is not the correct avenue for plaintiff to take in order to gain his release.  *Bramlett v. Big Muddy River Corr. Ctr.*, No. Civ. 11-97-GPM, 2011 WL 4916427, at *9 (S.D. Ill. Oct. 17, 2011), *aff'd sub nom. Bramlett v. Carich*, 590 F. App'x 625 (7th Cir. 2014).

Additionally, any claims for damages that would imply the invalidity of plaintiff's commitment would be barred by *Heck v. Humphrey*.  *Heck* stands for the proposition that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.

512 U.S. 477, 486-87 (1994)

The Seventh Circuit has found that *Heck* applies to those confined under civil commitment statutes as well. *Thomas v. Schmitt*, 380 F. App'x 549, 550 (7th Cir. 2010). Plaintiff cannot bring claims for damages regarding his civil commitment until that commitment has been overturned in another proceeding. **Count 4** will be dismissed without prejudice. This claim may or may not be cognizable in state court proceedings.

The Court will also dismiss Defendant IDOC at this time because it is a state government agency. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 219, 220 n. 3 (7th Cir. 1990) (same). IDOC is **DISMISSED with prejudice** as to plaintiff's § 1983 claims.

## Pending Motions

Since initiating this action, plaintiff has continually filed other pleadings with the Court. In particular, plaintiff has filed two motions entitled "Motion: No jurisdiction to sequester ward request immediate release," (Doc. 7) (Doc. 8), as well as a motion requesting a status of those motions (Doc. 10), and an "Additional Support for Motion/Memorandum in Support re Motion No

Jurisdiction to Sequester Ward Request Immediate Release." (Doc. 14). The Court notes that plaintiff should attempt to confine himself to one request for relief at a time; it is improper and a drain on the Court's resources for plaintiff to file multiple motions requesting the same relief. As those motions request an immediate release, which is not a proper request for relief in a § 1983 action as discussed above, they are **DENIED**. (Doc. 7) (Doc. 8). Plaintiff's motion for status is **DENIED** as **MOOT**. (Doc. 10).

Plaintiff has also attempted to amend the complaint. (Doc. 11). Plaintiff alleges that he would like to add Jessica Stover, a social worker at Big Muddy, as well as claims under the Americans with Disabilities Act and the Rehabilitation Act. (Doc. 11). Local Rule 15.1 requires a plaintiff who wishes to amend his or her complaint to file a proposed amended complaint, including original claims and new claims, with all new material underlined. Plaintiff has not submitted a proposed amended complaint here, and the Court does not accept piecemeal amendments like the one submitted by plaintiff. The Court therefore **DENIES** plaintiff's motion to amend. (Doc. 11). Plaintiff may file another motion to amend the complaint, if necessary, in compliance with the local rules.

As the Court has determined that some of plaintiff's claims survive threshold review, and because plaintiff has been granted leave to proceed in forma pauperis (IFP), the Court will order service on the defendants. Plaintiff's motion for service of process is **DENIED** as **MOOT**. (Doc. 3).

### Disposition

9

**IT IS HEREBY ORDERED** that **Counts 1 and 2** survive threshold review against Baldwin and Holt.   **Count 3** is **DISMISSED with prejudice**. **Count 4** is **DISMISSED without prejudice.**   Defendant IDOC is **DISMISSED with prejudice**.   The Court **DENIES** plaintiff's motions for immediate release.  (Doc. 7) (Doc. 8).   Plaintiff's motion to amend the complaint is **DENIED without prejudice**.   (Doc. 11).   Plaintiff's motion for service of process at government expense and motion for status are **DENIED** as **MOOT**.  (Doc. 3) (Doc. 10).

**IT IS ORDERED** that the Clerk of Court shall prepare for defendants Baldwin and Holt:   (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).   The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each defendant's place of employment as identified by plaintiff.   If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a defendant who no longer can be found at the work address provided by plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation

10

of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that plaintiff shall serve upon defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against plaintiff, and the judgment includes the payment of costs under Section 1915, plaintiff will be required to pay the full amount of the costs, notwithstanding that his

application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1)

Finally, plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Digitally signed by
Judge David R. Herndon
Date: 2017.03.27
11:12:58 -05'00'

**DATED: March 27, 2017**

**United States District Judge**

12