IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LAWRENCE ADAMCZYK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:17-cv-00166-DRH-RJD |
| | ) | |
| STEVE BALDWIN and | ) | |
| DR. HOLT, | ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATIONS

DALY, Magistrate Judge:

This matter is before the Court on Plaintiff Lawrence Adamczyk's Motions for Preliminary Injunctive Relief. Adamczyk is currently subject to civil commitment at Big Muddy River Correctional Center ("BMRCC") as a Sexually Dangerous Person ("SDP"). In this lawsuit, Adamczyk asserts that the Defendants are violating his constitutional rights by providing him with inadequate treatment and by subjecting him to a punitive environment. Adamczyk seeks a preliminary injunction mandating that he be released from Illinois Department of Corrections custody. For the following reasons, it is RECOMMENDED that Adamczyk's request for preliminary injunctive relief be denied.

Adamczyk initiated this lawsuit on February 16, 2017 (Doc.1), asserting that he is being unlawfully detained and that the conditions of his confinement at BMRCC violate his constitutional rights. On March 27, 2017, the Court screened Adamczyk's complaint pursuant to 28 U.S.C. § 1915A. In the screening order, Adamczyk was held to have articulated a colorable claim against Defendants Steve Baldwin (Illinois Department of Corrections Director) and Dr. Holt (Administrator of SDP program at BMRCC) for providing him with inadequate treatment.

1

Adamczyk also stated a colorable claim that the Defendants have unlawfully subjected him to a punitive environment. Additionally, Adamczyk requested in his complaint that he be released from BMRCC. The Court notified Adamczyk in the screening order that a § 1983 action is not the proper method for seeking release, but he is free to file a habeas corpus petition after exhausting state court remedies.

Adamczyk has now filed two motions seeking preliminary injunctive relief. (Docs. 24 and 30). He also filed three motions seeking a hearing on his request for preliminary injunctive relief. (Docs. 32, 34 and 38). The Defendants oppose Adamczyk's request for a preliminary injunction. (Defendants' Motion to Strike, Doc. 33). Adamczyk states in his August 9, 2017 motion for preliminary injunctive relief:

> The Plaintiff requests the Court for immediate injunctive relief. To be set free from wrongful and illegal incarceration at Big Muddy River C.C. prison. As already shown in documents sent to the Court no charges are outstanding nor any current convictions. Mr. Adamczyk as a [sic] American ctizen cannot be incarcerated nor detained by any constitutional procedure used by the Defendants. In fact by incarcerating Mr. Adamczyk they are violating his constitutional rights. No conviction nor charges exist that allow the Plaintiff to be incarcerated at Big Muddy. Mr. Adamczyk asks for his immediate release and to have his judgment overturned because no victim existed which is why the charges were dropped.

(Doc. 24, p. 1). Adamczyk's subsequent motion for preliminary injunctive relief (Doc. 30) presents similar arguments.

In order to obtain a preliminary injunction, Adamczyk must show that "(1) [he] will suffer irreparable harm in the period before final resolution of [his] claims; (2) traditional legal remedies are inadequate; and (3) the claim has some likelihood of success on the merits." *Jones v. Markiewicz-Qualkinbush*, 842 F.3d 1053, 1058 (7th Cir. 2016). If he is successful in making this showing, the Court shall then "weigh the factors against one another, assessing whether the balance of harms favors [plaintiff] or whether the harm to other parties or the public is

sufficiently weighty that the injunction should be denied." *Id*. Additionally, "[a] preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally," but a preliminary injunction is improper when dealing with matters outside the issues in the lawsuit. *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220, 65 S. Ct. 1130, 1134, 89 L.Ed. 1566 (1945).

Adamczyk's request for a preliminary injunction is premised on his assertions that the proceedings used to deem him an SDP violated his constitutional rights. Therefore, he should be immediately released from the BMRCC SDP program. However, such claims are outside the scope of this lawsuit. Adamczyk's two count complaint includes claims that the Defendants are providing inadequate treatment for his condition and the Defendants are subjecting him to a punitive environment. Any claim arising out of the constitutionality of the Illinois court proceedings deeming Adamczyk an SDP would be outside the scope of the claims in this case. Moreover, a § 1983 lawsuit is not the proper legal method to seek release from confinement. If Adamczyk would like to challenge the fact that he is subject to involuntary civil commitment, he must file a habeas corpus petition. *See Ambrose v. Roeckeman*, 749 F.3d 615, 616 (7th Cir. 2014); *Brown v. Watters*, 599 F.3d 602, 603 (7th Cir. 2010).

For these reasons, it is RECOMMENDED that Adamczyk's motions for preliminary injunctive relief (Docs. 24 and 30) be denied. It is also recommended that his motions for a hearing be denied. (Docs. 32, 34 and 38). Although the issues raised in Adamczyk's motions are not proper for a preliminary injunction, they need not be stricken. As such, Defendants' motion to strike (Doc. 33) should be denied as well.

SO RECOMMENDED.

DATED: **November 1, 2017**.

*s/Reona J. Daly*
**REONA J. DALY**
**UNITED STATES MAGISTRATE JUDGE**