IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LAWRENCE ADAMCZYK,

Plaintiff,

v.                                                                            No. 17-0166-DRH

STEVE BALDWIN and
DR. HOLT,

Defendants.

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

### Introduction and Background

Pending before the Court is a November 1, 2017 Report and Recommendation ("the Report") issued by Magistrate Judge Reona J. Daly (Doc. 39). Magistrate Judge Daly recommends that the Court deny Adamczyk's motions for preliminary injunctive relief (Docs. 24 & 30), deny the motions for hearing (Docs. 32, 33 & 34) and deny defendants' motion to strike (Doc. 33). The parties were allowed time to filed objections to the Report. On November 9, 2017, Adamczyk filed an objection to the Report (Doc. 40). Based on the applicable law, the record and the following, the Court **ADOPTS** the Report in its entirety.

On February 16, 2017, plaintiff Lawrence Adamczyk, a sexually dangerous person ("SPD"), filed a 42 U.S.C. § 1983 action for deprivations of his constitutional rights based on his confinement as a SPD in the Big Muddy Correctional Center

("Big Muddy") (Doc. 1). Adamczyk seeks declarative relief, immediate release and monetary damages. On March 23, 2017, the Court conducted a preliminary review of Adamczyk's complaint pursuant to 28 U.S.C. § 1915A (Doc. 15). Based on the allegations in the complaint, the Court divided his complaint into four counts:

> Count 1- against Baldwin and Holt for violations of his right to receive treatment as a SDP;
> Count 2- against Baldwin and Holt for violations of his liberty interest under the Fourteenth Amendment by subjecting him to a punitive environment;
> Count 3- alleging that Big Muddy's SDP program does not comply with the Illinois Sexually Dangerous Persons Act, 725 ILCS 205/1.01; and
> Count 4- against Baldwin and Holt for breaching a duty to plaintiff when they accepted him as their ward, knowing that the SDP statutory scheme violated the Constitution.

(Doc. 15, ps. 3-4). After reviewing the claims, the Court allowed Counts 1 and 2 to proceed and dismissed with prejudice Count 3 and dismissed without prejudice Count 4 (Doc. 15, ps. 5-8). In dismissing Count 4, the Court held as to Adamczyk's repeated claims for immediate release:

> "But more to the point, the Court cannot reach this argument because plaintiff's request for immediate release is not cognizable in this action, and any claim for damages stemming from his confinement and/or status as a ward would be barred by ***Heck v. Humphrey***.
>
> Plaintiff repeatedly requests release from Big Muddy in this action, but release is not one of the available remedies in a civil rights action. A petition for a writ of habeas corpus is the proper action '[i]f the prisoner is seeking what can be fairly described as a quantum change in the level of custody-whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation.' ***Graham v. Broglin,*** 992 F.2d 379, 381 (7th Cir. 1991). Additionally, a person committed under the Illinois Sexually Dangerous Persons Act,

725 Illinois Compiled Statutes 205/0.01 *et seq*., may seek a release from the state court where the person was committed."

(Doc. 15, ps. 6-7)(emphasis in original). Further, the Court noted that Adamczyk filed multiple pleadings requesting the same relief:

"The Court notes that plaintiff should attempt to confine himself to one request for relief at a time; it is improper and a drain on the Court's resources for plaintiff to file multiple motions requesting the same relief."

(Doc. 15, p. 9).

Despite the Court's Order warning/finding his claims for immediate relief not proper in this section 1983 case and warning/finding his filing multiple motions requesting the same relief not proper, Adamczyk continued the same course of conduct by peppering the Court with those types of motions: he filed two motions seeking preliminary injunctive relief (Docs. 24 & 30) and three motions seeking a hearing on his motion for preliminary injunctive relief for immediate relief (Docs. 32, 34 & 38). Defendants oppose the motions for preliminary injunctive relief and filed a motion to strike (Docs. 26, 27 & 33, respectively). Thereafter, Magistrate Judge Daly issued the Report (Doc. 39) and Adamczyk filed objections (Doc. 40).

## **Analysis**

The Court's review of the Report is governed by 28 U.S.C. § 636(b)(1), which provides in part:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate

judge with instructions.

Fed. R. Civ. P. 72(b) also directs that the Court must only make a *de novo* determination of those portions of the report and recommendation to which specific written objection has been made. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). If no objection or only a partial objection is made, the Court reviews those unobjected portions for clear error. *Id*. In addition, failure to file objections with the district court "waives appellate review of both factual and legal questions." *Id*. Under the clear error standard, the Court can only overturn a Magistrate Judge's ruling if the Court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

Specifically, the Report found:

> Adamczyk's request for a preliminary injunction is premised on his assertions that the proceedings used to deem him an SDP violated his constitutional rights. Therefore, he should be immediately released from the BMRCC SDP program. However, such claims are outside the scope of this lawsuit. Adamczyk's two count complaint includes claims that the Defendants are providing inadequate treatment for his condition and the Defendants are subjecting him to a punitive environment. Any claim arising out of the constitutionality of the Illinois court proceedings deeming Adamczyk an SDP would be outside the scope of the claims in this case. Moreover, a § 1983 lawsuit is not the proper legal method to seek release from confinement. If Adamczyk would like to challenge the fact that he is subject to involuntary civil commitment, he must file a habeas corpus petition. *See Ambrose v. Roeckeman*, 749 F.3d 615, 616 (7th Cir.2014); *Brown v. Watters*, 599 F.3d 602, 603 (7th Cir. 2010).

(Doc. 39, p. 3).

Here, the Court agrees with Judge Daly's analysis in the Report and *still*

finds as it did in its March 27, 2017 initial screening Order that Adamczyk is not entitled to the immediate relief from confinement in this section 1983 case. Adamczyk's objection merely takes umbrage with the Report and rehashes old arguments that previously have been rejected/addressed by this Court.

## Conclusion

Accordingly, the Court **ADOPTS** the Report in its entirety (Doc. 39). The Court **DENIES** Adamczyk's motions for preliminary injunctive relief (Docs. 24 & 30), **DENIES** the Adamczyk's motions for hearing (Docs. 32, 34 & 38) and deny defendants' motion to strike (Doc. 33). The Court again **ADMONISHES** Adamczyk to stop filing multiple motions seeking the same relief. If he continues to do so, the Court will strike any redundant motions as soon as those motions are reviewed for content.

**IT IS SO ORDERED.**

Judge Herndon
2017.11.15
14:21:43 -06'00'

United States District Judge